a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LIBAN MOHAMUD ADAN #30554-047,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00830<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN F C I POLLOCK,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Liban Mohamud Adan ("Adan"). At the time of filing, Adan was imprisoned at the Federal Correctional Institution in Pollock, Louisiana. He asks that he be transferred back to a residential reentry center.

Because Adan is no longer in the custody of the Bureau of Prisons ("BOP"), the Petition should be DISMISSED as MOOT.

I. **Background**

Adan was transferred from federal prison to a residential reentry center where he remained for approximately five months. Without warning, Adan was transported back to federal prison. ECF No. 1-2 at 2.

Adan was informed that the BOP had "issued guidance to the [residential reentry centers] after a reassessment of the placement of non-U.S. citizen inmates to prerelease custody." ECF No. 1-3 at 14, 16. It was determined that Adan was not

1

eligible for placement in the reentry center because he was subject to an immigration detainer.

Adan filed administrative remedy forms seeking relief from the Unit Manager and then the Warden.  ECF No. 1-3 at 15.  The requests were denied.  *Id.* at 14.

Adan was ordered to amend the Petition to establish complete exhaustion of administrative remedies.  ECF No. 9.  In response, Adan filed a Motion to Waive Exhaustion Requirements (ECF No. 10).

Adan also filed a Notice of Change of Address indicating that he is now detained at the ICE Processing center in Pine Prairie, Louisiana.  ECF No. 8.

## II.   Law and Analysis

Article III of the Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies."  *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotations and citations omitted)).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.*  Therefore, throughout the litigation, the petitioner

"must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Adan asks that the Court order the BOP to return him to a halfway house. Because Adan was released from BOP custody, his § 2241 claim is moot. The Court can no longer grant the relief requested. If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because Adan is no longer in BOP custody, IT IS RECOMMENDED that the Petition be DISMISSED without prejudice as MOOT.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, January 20, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE